NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2021-14T1

VASIL W. HEISLER,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_______________________________

 Submitted January 10, 2017 – Decided August 3, 2017

 Before Judges Messano and Espinosa.

 On appeal from the New Jersey Department of
 Corrections.

 Vasil W. Heisler, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel; Randy
 Miller, Deputy Attorney General, on the
 brief).

PER CURIAM

 Vasil Heisler, an inmate at New Jersey State Prison (NJSP),

appeals from the final administrative decision of the Department

of Corrections (DOC) that upheld a hearing officer's decision
finding him guilty on two counts of prohibited act *.009, misuse

and possession of an electronic communication device, N.J.A.C.

10A:4-4.1(a)(1)(v); and one count of prohibited act *.803/*.306,

conspiracy to disrupt or interfere with the security or orderly

running of the correctional facility, N.J.A.C. 10A:4-

4.1(a)(1)(xiv), (2)(xxix); and imposed sanctions. Heisler's

charges resulted from a system-wide investigation by the NJSP's

Special Investigations Division (SID) to uncover a large-scale

conspiracy to smuggle contraband into prisons by inmates and

corrupt prison staff.

 On April 8, 2014, the DOC issued two *.009 charges and a

*.306 charge against Heisler and placed him in prehearing detention

based on evidence from the SID investigation that he (1) placed

several calls to a family member from two cell phones seized from

two other inmates in April and July 2012, and (2) conspired with

other inmates and civilians to transfer money used to bribe a

sworn DOC officer.1 Heisler was served with the charges on April

9, 2014, and the matter was referred to a disciplinary hearing

officer.

 The hearing officer modified the *.306 charge, converting it

1
 Heisler was also charged with, but found not guilty of,
prohibited act *.803/*.751, attempting to give or offer any
official or staff member a bribe or anything of value.

 2 A-2021-14T1
to *.803/*.306, a conspiracy charge. Heisler requested counsel

substitute, which was granted, and together they asked to review

the documentary evidence and twenty-four hours to prepare a

defense. To accommodate Heisler's request and to give the hearing

officer time to "review [and] prepare evidence," the hearing was

postponed to April 30, 2014.

 The DOC identified a list of non-confidential materials it

relied on, including the call records of the two cell phones seized

and the subscriber information of a cell phone number linked to

Heisler's family member. In addition, the DOC provided a list of

confidential SID investigation reports, that were withheld because

they "contain[ed] info regarding an ongoing criminal

invest[igation]" and the DOC sought "[t]o avoid [and] deter

violence [and] retaliation." Instead, Heisler was provided with

"a concise summary of evidence" contained in the confidential

reports, including statements made by a confidential informant

(CI).

 The disciplinary hearing resumed on April 30, 2014, where,

following a review of the evidence, the hearing officer found

Heisler guilty of both *.009 charges and the modified *.803/*.306

charge. Following Heisler's administrative appeal, the Associate

Administrator upheld the hearing officer's decision.

 On appeal, Heisler argues the DOC's final decision should be

 3 A-2021-14T1
reversed because his due process rights were violated, the decision

was unsupported by substantial credible evidence, and the

modification of prohibited act *.803 or *.803/*.306 was

extraneously excessive.

 We preface our analysis by recognizing our review of the

DOC's decision is limited. Reversal is appropriate only when the

agency's decision is arbitrary, capricious or unreasonable, or

unsupported by substantial credible evidence in the record as a

whole. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980);

see also In re Taylor, 158 N.J. 644, 657 (1999) (a court must

uphold an agency's findings, even if it would have reached a

different result, so long as sufficient credible evidence in the

record exists to support the agency's conclusions). However,

"although the determination of an administrative agency is

entitled to deference, our appellate obligation requires more than

a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J.

Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of

Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

 I.

 An incarcerated inmate is not entitled to the full panoply

of rights in a disciplinary proceeding as a defendant in a criminal

prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). An

inmate is entitled to written notice of the charges at least

 4 A-2021-14T1
twenty-four hours prior to the hearing; an impartial tribunal; a

limited right to call witnesses and present documentary evidence;

a limited right to confront and cross-examine adverse witnesses;

a right to a written statement of the evidence relied upon and the

reasons for the sanctions imposed; and, where the charges are

complex, the inmate is permitted the assistance of a counsel

substitute. Id. at 525-33. It is undisputed Heisler was afforded

these procedural safeguards.

 Heisler argues the DOC violated N.J.A.C. 10A:4-9.2, which

requires the disciplinary report "be served upon the inmate within

48 hours after the violation unless there are exceptional

circumstances," because the disciplinary report was issued years

after the violations were uncovered. He also asserts that,

beginning on April 8, 2014, he was held in prehearing detention

for two weeks prior to his April 23, 2014 hearing in violation of

N.J.A.C. 10A:4-9.8(c), which mandates that inmates in prehearing

detention "receive a hearing within three calendar days of their

placement . . . unless there are exceptional circumstances,

unavoidable delays, or reasonable postponements."

 We are satisfied the adjudication of violations uncovered

during a long-term, system-wide investigation into corrupt prison

practices qualifies as an exceptional circumstance. However, even

where there are no exceptional circumstances, a failure to comply

 5 A-2021-14T1
with time limits set by inmate disciplinary regulations does not

mandate a dismissal of the charges. N.J.A.C. 10A:4-9.9(a). The

dismissal of charges rests within the discretion of the hearing

officer, with consideration given to the length and reason for the

delay, prejudice to the inmate's defense preparation, and the

seriousness of the violation charged. N.J.A.C. 10A:4-9.9(a)(1)-

(4).

 Both of the prohibited acts charged are asterisk offenses,

which are "considered the most serious." N.J.A.C. 10A:4-4.1(a).

However, Heisler has not identified any prejudice he suffered in

preparing a defense to these charges as a result of the delays.

The charges were delayed to prevent an adverse "impact or impede

any ongoing activities" relating to SID's corruption

investigation. The hearing was delayed because the "extensive

investigation by SID . . . produced an extensive amount of

evidence" that "created an excessive case load" for the hearing

officer as evinced by the lengthy, over-four-hundred-page

confidential record documenting SID's investigation. We are

satisfied that, under the circumstances, the stated reasons for

the delays are valid, the delays were not unreasonable and Heisler

suffered no prejudice.

 Heisler also argues his due process rights were violated when

the DOC failed to provide him "photocopies of [all] documented

 6 A-2021-14T1
evidence," namely the confidential records the hearing officer

relied on in adjudicating his guilt. However, Heisler was not

entitled to receive such confidential information. Where there

is a confidential record, the hearing officer is only required to

provide "[a] concise summary of the facts on which the hearing

officer concluded that the informant was creditable or his or her

information reliable" and "[t]he informant's statement (either in

writing or as reported) in language that is factual rather than a

conclusion, and based on the informant's personal knowledge of the

matters contained in such statement." N.J.A.C. 10A:4-9.15(b)(1).

Heisler was provided a "concise summary of evidence," the

sufficiency of which he does not challenge on appeal.

 We are thus satisfied that Heisler received all due process

protections afforded to him.

 II.

 "A finding of guilt at a disciplinary hearing shall be based

upon substantial evidence that the inmate has committed a

prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence"

is "such evidence as a reasonable mind might accept as adequate

to support a conclusion." Figueroa, supra, 414 N.J. Super. at 192

(quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376

(1961)). In other words, it is "evidence furnishing a reasonable

basis for the agency's action." Ibid. (quoting McGowan v. N.J.

 7 A-2021-14T1
State Parole Bd., 347 N.J. Super. 544, 562 (2002)). "Where there

is substantial evidence in the record to support more than one

regulatory conclusion, 'it is the agency's choice which governs.'"

In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div.)

(quoting De Vitis v. N.J. Racing Comm'n., 202 N.J. Super. 484, 491

(App. Div.), certif. denied, 102 N.J. 337 (1985)), certif. denied,

127 N.J. 323 (1990).

 The call histories of the two confiscated cell phones show

that several calls were placed in March and April 2012 to a number

that belongs to a member of Heisler's family, as confirmed by

subscriber information from the cell phone provider, who was on

his list of approved visitors. Our review of the confidential

appendix corroborates the substance of the concise summary

provided to Heisler, i.e., the CI confirmed calls were made to a

Heisler family member from cellphones in NJSP and that Heisler

used third parties to exchange money that was used to bribe a

corrupt officer to smuggle contraband into the prison.

 At the disciplinary hearing, Heisler provided no alternate

explanation for the outgoing calls to his family member, nor did

he show it was possible that the other two inmates could have

called his family member without him knowing. He also presented

no evidence to rebut the confidential informant's statements as

described in the concise summary provided to him. Because the

 8 A-2021-14T1
charges against Heisler were supported by substantial credible

evidence, the determination that Heisler committed two counts of

prohibited act *.009 and one count of prohibited act *.803/*.306

was not arbitrary, capricious or unreasonable.

 III.

 Pursuant to N.J.A.C. 10A:4-9.16(a), a hearing officer is

required to modify a charge when "it becomes apparent at a

disciplinary hearing that an incorrect prohibited act is cited in

the disciplinary report but that the inmate may have committed

another prohibited act." When this happens, the inmate must "be

given the option of a 24-hour postponement to prepare his or her

defense against the new charge or have the new charge adjudicated

at that time." Ibid. Heisler's original charge of *.306, which

concerns "conduct which disrupts or interferes with" with the

function of the prison, N.J.A.C. 10A:4-4.1(a)(2)(xxix), was

modified to a charge of *.803/*.306, which instead concerns "making

plans to commit" such disruptive or interfering conduct, N.J.A.C.

10A:4-4.1(a)(1)(xiv). The hearing officer found the *.803/*.306

was the "more appropriate charge." Based on our review of the

record, we agree, and discern no abuse of discretion in the

modification.

 Affirmed.

 9 A-2021-14T1